IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-111-D
No. 5:18-CV-585-D

| | |
|---|---|
| MARK ANTHONY DAYE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | **ORDER** |

On December 13, 2018, Mark Anthony Daye ("Daye") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 262-month sentence [D.E. 508]. On May 8, 2019, the government moved to dismiss two out of three claims in Daye's motion [D.E. 522] and filed a memorandum in support [D.E. 523]. On September 4, 2019, Daye responded in opposition and requested an evidentiary hearing [D.E. 533]. As explained below, the court grants the government's motion to dismiss in part, dismisses two of Daye's claims under section 2255, permits his claim that his counsel failed to file a notice of appeal to proceed, and directs Magistrate Judge Numbers to hold a prompt evidentiary hearing concerning Daye's remaining claim and to issue a memorandum and recommendation.

I.

Daye was a high-volume drug trafficker in North Carolina. See Presentence Investigation Report ("PSR") [D.E. 437] ¶¶ 1–41. On August 21, 2017, pursuant to a plea agreement [D.E. 320], Daye pleaded guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, 1 kilogram or more of heroin, and a quantity of marijuana (count one) and

conspiracy to commit money laundering (count two). See Rule 11 Tr. [D.E. 516] 2–25. On December 13, 2017, this court conducted Daye's sentencing hearing, overruled Daye's objections to the PSR, and calculated his advisory guideline range on count one as 240 to 262 months' imprisonment, based on a total offense level 37 and a criminal history category I. See Sentencing Tr. [D.E. 517] 3–46. After declining to upwardly depart under U.S.S.G. § 4A1.3 and considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Daye's allocution, this court sentenced Daye to 262 months' imprisonment on count one and 240 months' concurrent imprisonment on count two. See id. at 43–63; [D.E. 456]. The court expressly told Daye about his appellate rights and the 14-day time limit for filing a notice of appeal. See Sentencing Tr. at 62. On December 27, 2017, the court entered judgment. See [D.E. 456]. Daye did not appeal.

In Daye's section 2255 motion, Daye alleges that his counsel was constitutionally ineffective by (1) failing to give reasonable advice during the plea negotiations, leading to an unknowing, involuntary, and invalid guilty plea; (2) failing to object at sentencing to a non-qualifying conviction; and (3) failing to file an appeal as specifically directed. See [D.E. 508] 3–6.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court

2

may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–88, 691–96; see also

3

Lafler, 566 U.S. at 162–65; Frye, 566 U.S. at 140–41; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 139 S. Ct. at 746–50; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

4

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. To the extent that Daye challenges his guilty plea, Daye must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial. See Lee v. United States, 137 S. Ct. 1958, 1965 (2017); Hill, 474 U.S. at 59. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted). To the extent Daye challenges his sentence, Daye must show a reasonable probability that he would have received a different sentence if the sentencing error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

First, Daye alleges that his counsel was constitutionally ineffective by failing to give reasonable advice during plea negotiations, leading to an unknowing, involuntary, and invalid guilty plea. See [D.E. 508] 3. This claim fails as to performance and prejudice. At his arraignment, Daye swore that he had discussed the plea agreement with counsel, was satisfied with counsel's legal services, and understood the terms of his plea agreement, including the advisory guidelines and appellate waiver, that the guidelines were advisory, that any advisory guideline estimate was not binding on the court, that the court could sentence Daye up to the statutory maximum on each count,

5

and that Daye could not withdraw his guilty plea if the court imposed such a sentence. See Rule 11 Tr. [D.E. 516] 2–25. Daye also swore that he understood that the mandatory minimum on count one was 240 months' imprisonment and the statutory maximum was life imprisonment. See id. at 17–19. Daye also swore that nobody threatened him or anyone else and that no promise to him or anyone else induced him to plead guilty pursuant to the plea agreement. See id. at 20. Those sworn statements bind Daye. See Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Daye has not plausibly alleged deficient performance. See Strickland, 466 U.S. at 688–89. Alternatively, Daye has not plausibly alleged prejudice. See Lee, 137 S. Ct. at 1965; Hill, 474 U.S. at 59.

Second, Daye alleges that counsel was ineffective by failing to object at sentencing to a non-qualifying conviction. See [D.E. 508] 4–5. Daye, however, has not plausibly alleged that his convictions in paragraphs 62, 63, and 64 of his PSR were not properly scored or used at sentencing. See id.; PSR [D.E. 437] ¶¶ 62–64, 107–09. Thus, the claim fails as to performance. See, e.g. Strickland, 466 U.S. at 688–700. Alternatively, in light of this court's alternative variant sentence, even if a conviction were not scored properly at sentencing, this court would have imposed the same sentence. See Sentencing Tr. at 61; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Accordingly, Daye has failed to plausibly allege prejudice. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1346–47 (2016) (where district court states that it would impose the same sentence regardless of the advisory guideline range and such a sentence is substantively reasonable, then defendant is not prejudiced by counsel's failure to object to an incorrect advisory guideline calculation); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished) (same).

In Daye's third claim, Daye alleges that counsel was ineffective by failing to file a notice of

6

appeal after he directed counsel to do so. See [D.E. 508] 5. Daye has stated a claim. See Garza, 139 S. Ct. at 746–50; Flores-Ortega, 528 U.S. at 480; United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court directs Magistrate Judge Numbers to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See Diaz v. United States, Nos. 7:09-CR-100-D-3, 7:11-CV-43-D, [D.E. 310] (E.D.N.C. Nov. 12, 2014) (memorandum and recommendation) (unpublished), adopted, 2014 U.S. Dist. LEXIS 177775 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126-D, 7:10-CV-69-D, [D.E. 71] (E.D.N.C. Aug. 27, 2013) (memorandum and recommendation) (unpublished), adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished).

The court requests Magistrate Judge Numbers to assess Daye's credibility at the hearing. If Magistrate Judge Numbers determines that Daye committed perjury at the hearing concerning his discussions with his former counsel concerning an appeal, the memorandum and recommendation should so state.

II.

In sum, the court GRANTS in part the government's motion to dismiss [D.E. 522], and DISMISSES Daye's ineffective-assistance claims concerning his guilty plea and sentence, but the court permits his claim that his counsel failed to file a notice of appeal to proceed. The court REFERS Daye's remaining claim to Magistrate Judge Numbers for a prompt evidentiary hearing and memorandum and recommendation.

SO ORDERED. This 14 day of August 2020.

Dever
JAMES C. DEVER III
United States District Judge