IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-111-D
No. 5:18-CV-585-D

| | |
|---|---|
| MARK ANTHONY DAYE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On December 13, 2018, Mark Anthony Daye ("Daye") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 262-month sentence [D.E. 508]. On May 8, 2019, the government moved to dismiss two of the three claims in Daye's motion [D.E. 522], and filed a memorandum in support [D.E. 523]. On September 4, 2019, Daye responded in opposition and requested an evidentiary hearing [D.E. 533]. On August 14, 2020, the court granted the government's motion to dismiss in part, dismissed two of Daye's claims under section 2255, permitted his claim that his counsel failed to file a notice of appeal to proceed, and directed Magistrate Judge Numbers to hold a prompt evidentiary hearing concerning Daye's remaining claim and to issue a memorandum and recommendation ("M&R"). See [D.E. 556].

On November 9, 2020, Judge Numbers issued an M&R recommending that the court dismiss Daye's ineffective assistance of counsel claim that his counsel failed to file a notice of appeal. See [D.E. 575]. The M&R states that at the evidentiary hearing Daye withdrew his motion concerning the notice of appeal. Id. Daye also acknowledged that he had completed and signed a form stating that he had consulted with counsel regarding his right to appeal and had decided not to appeal. See

id. Neither party objected to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315.

After reviewing the record, the court is satisfied that there is no clear error in the M&R. Accordingly, the court adopts the finding and conclusions in the M&R.

On November 30, 2020, Daye filed a pro se motion for a copy of the November 9, 2020 hearing transcript. See [D.E. 579]. Although a court reporter transcribed Daye's evidentiary hearing, the court reporter did not prepare a transcript. Moreover, neither party requested a copy of the transcript.

"An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." United States v. Shoaf, 341 F.2d 832, 833-34 (4th Cir. 1964). Daye has failed to show a particularized need for the transcript. As such, the court denies Daye's motion. Alternatively, to the extent Daye's motion could be construed as motion to obtain a transcript without charge, the motion is denied.

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 575], GRANTS the government's motion to dismiss [D.E. 522], DISMISSES Daye's ineffective-assistance of counsel claim that his counsel failed to file a notice of appeal [D.E. 508], DISMISSES AS MOOT Daye's motion for a hearing [D.E. 533], and DENIES Daye's motion for the hearing transcript [D.E.

579]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 4 day of December 2020.

JAMES C. DEVER III
United States District Judge